JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GARY R. CARLIN et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. SA CV 25-00219-DFM <br><br> Order Dismissing Case for Failure to Prosecute and Comply with Court Orders |

Plaintiffs Gary and Gwyn Carlin ("Plaintiffs") assert claims against Defendant Bank of America, N.A. ("Defendant") alleging six causes of action: (1) breach of contract; (2) negligence; (3) negligent interference with prospective economic advantage; (4) breach of constructive trust (fraud); (5) negligent misrepresentation; and (6) intentional misrepresentation (fraud and deceit). See Dkt. 1-6. On March 27, 2025, the Court issued an Order granting Defendant's Motion to Dismiss the Second Amended Complaint ("SAC") with leave to amend. See Dkt. 14 ("March 27, 2025, Order"). In the March 27, 2025, Order, the Court explained that Plaintiffs failed to join an indispensable party and failed to state a claim upon which relief can be granted. See id. at 5-18. The Court ordered Plaintiffs to file an amended complaint within twenty-one (21) days. See id. at 18.

On April 28, 2025, after Plaintiffs failed to file an amended complaint, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. See Dkt. 16 ("OSC"). Plaintiffs did not respond to the OSC, and the time to respond has expired. See id. (requiring response within fourteen (14) days).

## I.   DISCUSSION

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the Court concludes these factors support dismissal. After the Court issued its March 27, 2025, Order granting Defendant's Motion to Dismiss with leave to amend, Plaintiffs did not file anything else in this case. Further, Plaintiffs neither responded to nor sought an extension of time to respond to the Court's OSC. With regards to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. Where, as here, a plaintiff fails to file an amended complaint as required by court order, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990; Alliant Credit Union v.

Vessel EAGLE REST, No. 09-1616, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. Here, Plaintiffs have not filed anything since the Court's March 27, 2025, Order and offer no reason for failing to timely file an amended complaint. Therefore, the Court finds the third factor also weighs in favor of dismissal. With regard to the fourth factor, the Court notes it has attempted less drastic alternatives to no avail. After the deadline to file an amended complaint passed, the Court issued an OSC why this case should not be dismissed for failure to prosecute. See Dkt. 16. Plaintiffs did not respond to the OSC. Thus, it does not appear to the Court that less drastic sanctions are available.

Finally, as to the fifth factor, public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." Ewing v. Ruano, No. 09-8471, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, it is a plaintiff's responsibility to move a case toward a merits disposition. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs' failure to timely prosecute this case, including their failure to file an amended complaint by the Court's deadline, decreases the weight of the public policy favoring disposition on the merits. See Ewing, 2012 WL 2138159, at *2. The Court finds, therefore, that this factor is neutral and does not preclude dismissal.

## II. CONCLUSION

On balance, the Court finds the relevant factors weigh in favor of dismissal. This case is therefore DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with Court orders.

Date: May 15, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge